**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NANCY MENDEZ-CARRILLO,**<br><br>*Petitioner*,<br>v.<br><br>**MARKWAYNE MULLIN**, Secretary, U.S. Department of Homeland Security;<br>**MARY DE ANDA-YBARRA**, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement;<br>**U.S. DEPARTMENT OF HOMELAND SECURITY**;<br>**TODD BLANCHE**, U.S. Attorney General;<br>**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**; *and*<br>**WARDEN OF EL PASO SERVICE PROCESSING CENTER,**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § | **EP-26-CV-00737-DCG** |

**ORDER DISMISSING CASE AS MOOT**

On September 15, 2026, the Court ordered Petitioner Nancy Mendez-Carrillo to show cause why this case should not be dismissed as moot after the Court discovered that Petitioner had likely voluntarily departed the United States.[1] Petitioner's counsel confirmed that Petitioner voluntarily departed and that "Petitioner does not oppose dismissal."[2] This case is therefore moot.[3]

---

[1] Order Pet'r Show Cause, ECF No. 4.

[2] Pet'r Resp., ECF No. 5.

[3] *See, e.g.*, *Sanchez-Vasquez v. ICE*, No. 2:26cv84, 2026 WL 1251196, at *1 (E.D. Va. Apr. 14, 2026) ("Because Petitioner's voluntary departure extinguishes any live controversy regarding the legality of his detention, the claim in the Petition is now moot."), *report and recommendation accepted by* 2026 WL 1248442 (E.D. Va. May 6, 2026); *see also E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting, with exceptions that don't appear to

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[4]

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 5th day of October 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

apply here, that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

[4] *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").